Tony Michael **JULIEN**, Plaintiff,

v.

Larry **MEACHUM**, Defendant.

No. CIV–84–2414–D.

United States District Court,
W.D. Oklahoma.

Jan. 30, 1985.

---

Tony Michael Julien, pro se.

Michael C. Turpen, Atty. Gen. of Okl. by F. Andrew Fugitt, Asst. Atty. Gen., Oklahoma City, Okl., for defendant.

## OPINION AND ORDER

DAUGHERTY, District Judge.

The Plaintiff has filed a civil rights Complaint in forma pauperis under the provisions of 42 U.S.C. Sec. 1983 to attack a condition relating to his confinement at the Lexington Correctional Center, Lexington, Oklahoma. The Court has ordered an investigation and Special Report in accordance with *Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978), and a verified Special Report has been filed which provides factual explication to the Plaintiff's claims. Plaintiff's Complaint includes the following counts:

"Count I: The raising of plaintiff's security because of an escape that occured [sic] in 1977 is ex post facto in that it imposes a punishment on plaintiff that was not in effect at the time of his escape or his recapture.

Count II: The raising of plaintiff's security because of the escape that occured [sic] in 1977 constitutes double jeopardy because plaintiff had already served his sentence for said escape.

Count III: Because of the raising of plaintiff's security, plaintiff is being denied entrance into programs that are available to other inmates serving the same amount of time, in violation of the equal protection clause of the Fourteenth Amendment.

Count IV: Because of the raising of plaintiff's security, plaintiff is being denied entrance into programs that are considered favorable towards making parole. Therefore, raising plaintiff's security increases the amount of time plaintiff will be incarcerated without due process of law in violation of the Fourteenth Amendment.

Count V: The raising of plaintiff's security from medium to maximum was due solely to the results of a disciplinary hearing held at the Oklahoma State Reformatory on February 3, 1984, resulting in plaintiff being punished without due process of law in violation of the Fourteenth Amendment."

Upon preliminary review of this proceeding, the Court finds and concludes as follows:

## I.

The record reflects that on September 21, 1983 the Plaintiff was reclassified under the security assessment procedure and was assessed a total of fourteen security points which is further categorized as maximum security. In accordance with the security assessment procedure, the Plaintiff was "grandfathered" to a medium security rating as provided in the inmate classification system, as revised, Operations Manual OP–060101 (Attachments B, D, Special Report). Prior to September, 1983 the Plaintiff received a two year sentence for escape which sentence was ordered to run concurrently with a sentence for second degree murder. (Attachment C, Special Report). In February 1984 the Plaintiff was found guilty of escape from the Oklahoma State Reformatory and as a result of the foregoing, Plaintiff has a current security rating of medium or above which renders him ineligible for certain programs including honor farms, work release, study release, and trustee status. Further investigation reveals the Plaintiff was subjected to a disciplinary hearing wherein he was found guilty of escaping on February 1, 1984 in accordance with Operations Memorandum for Disciplinary Procedures which provides comprehensive due process guidelines for hearings on rule violations. (Operations Memorandum OP–060401, Exhibit J, Special Report).

A comprehensive and uniform classification system has been adopted by the Oklahoma Department of Corrections utilizing objective criteria in the Operations Memorandum OP–060101 dated January 3, 1983, Subject: Inmate Classification and Case Management. (Attachment D, Special Report). This system assigns points for such factors as the nature of the offense, consecutive or concurrent violent offenses, total length of incarceration, prior incarcerations, escape history, aggravating circumstances associated with escape, and current behavior, program participation, and work performance. The culmination of the classification committee security assessment process is a security assessment score sheet, and although the points determine the security grade, the committee may exercise its discretion within guidelines which may or may not correspond to the score sheet grade. The Oklahoma Department of Corrections has been statutorily assigned the responsibility of classification of each inmate within said Department. 57 O.S. 1981 Sec. 521. The classification procedure exercised by the Department thereunder which includes the assignment of additional points to an inmate's escape history, is a matter that is generally assigned to the sound discretion of the Institutional officials and any judicial review will only be concerned with whether said discretion has been exercised in an arbitrary or capricious manner. The Constitution does not require that a state have more than one institution to house its inmates nor does it guarantee that an inmate will be confined in any particular institution so long as the conditions or degree of confinement are not otherwise violative of the Constitution, and the Due Process Clause does not in itself subject classification procedures to judicial scrutiny. *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). Further, it has been

recognized that an inmate has no due process right to a hearing before change of classification even if the classification may result in a serious loss to the inmate. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976).

■ The United States Constitution, art. I, sec. 9, cl. 3 prohibits Congress and the states from enacting any law which imposes a punishment for an act which was not punishable at the time it was committed or imposes an additional punishment to that then prescribed. The prohibition is deemed to be violated if the criminal or penal law is retrospective, the change effected is not merely procedural, and the offender is disadvantaged by its application. *Lindsey v. Washington*, 301 U.S. 397, 401, 57 S.Ct. 797, 799, 81 L.Ed. 1182 (1937); *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). It is the opinion of the Court that the changes in the security classification system are not "law" for purposes of ex post facto analysis since they were promulgated as procedural guidelines within the basic framework of the discretion of the Department of Corrections in assigning classifications and levels of security in connection with the responsibility to manage the inmates assigned to the Department. The statutory discretion assigned to the Department under Sec. 521, *supra*, confirms the flexible nature of the classification procedures that are necessary to prison administration. *Rifai v. United States Parole Commission*, 586 F.2d 695, 697–698 (9th Cir.1978); *Ruip v. United States*, 555 F.2d 1331, 1335–1336 (6th Cir.1977). Further, in exercising the necessary discretion under the classification procedure, it is certainly appropriate to assign security points to the propensity to escape as a necessary security consideration in prison administration, and the Plaintiff's prior record of escapes has been appropriately weighed in assigning his security classification. *Seibert v. McCracken*, 387 F.Supp. 275, 278–279 (E.D. Okla.1974). It has been recognized that the discretion assigned to the Director of the Department of Corrections empowers the removal of an inmate from the general population, and that he has no right to expect a particular classification. *Twyman v. Crisp*, 584 F.2d 352, 355–357 (10th Cir. 1978).

■ Moreover, the Court notes that an Opinion and Order has been entered in this Court construing a related attack on the security classification system which resulted in a finding that accords with the facts herein that there were no constitutional violations thereunder. (*Walker v. Oklahoma Department of Corrections*, No. CIV–83–2363–R, Western District of Oklahoma, Opinion and Order filed February 27, 1984). The Court can find no arbitrariness or lack of factual basis in the exercise of discretion in the classification or disciplinary process or excessiveness of punishment that was not reasonably related to the legitimate institutional needs of safety and security.

## II.

■ Accordingly, the Court finds that one of the essential elements for recovery under Sec. 1983 is not extant herein. That is, the Plaintiff has not shown that the Defendant deprived him of a right secured by the Constitution or laws of the United States. *Adickes v. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Wise v. Bravo*, 666 F.2d 1328, 1331 (10th Cir.1981). In accordance with *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court has construed the Plaintiff's allegations liberally and determines that Plaintiff can make no rational argument on the facts or law, and that the Complaint is legally frivolous in view of its lack of merit. *Collins v. Cundy*, 603 F.2d 825 (10th Cir.1979). Therefore, the Court finds that any appeal of this judgment in forma pauperis would be frivolous and not taken in good faith, and an appeal in forma pauperis is therefore denied. Fed.R.App.P. 24, 28 U.S.C.; *Duhart v. Carlson*, 469 F.2d 471 (10th Cir.1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973).

Accordingly, judgment will issue dismissing the Plaintiff's Complaint and the claims alleged therein.

IT IS FURTHER ORDERED that pending motions of the Plaintiff and Defendant are moot and are stricken under the special report procedures outlined in *Martinez v. Aaron, supra.*