977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Scott Elliott RAYMER, Plaintiff-Appellant,
v.
Wallis Gunnels PARMENTER, Alan Bennett, John Eaves, Frank
Rice, P.L. Teehee, T. Carachi and Unknown
Classification Officer (CCC),
Defendants-Appellees.
 No. 92-1050.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Scott Elliott Raymer, pro se plaintiff-appellant, appeals from the district court's Order of Dismissal of his 42 U.S.C. § 1983 action on the ground that Raymer failed to show a basis for relief. Raymer, an inmate of the State of Colorado, serving a sentence at the Buena Vista Correctional Facility, contends on appeal that the defendants violated his constitutionally protected rights of due process and equal protection of the law guaranteed him under the Fifth and Fourteenth Amendments of the United States Constitution, and that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. He argues that Colorado Correctional Center Regulations 300-20 and 600-2 created a liberty interest in his behalf which was violated when the defendants placed him in isolation without granting him procedural due process.
 
 
 3
 The district court entered its Order of Dismissal based upon a review of the complaint, the plaintiff's Response to Order to Show Cause, the plaintiff's motion for preliminary injunction with attachments, the recommendation of United States Magistrate Judge Richard M. Borchers, and the plaintiff's objection to that recommendation, concluding:
 
 
 4
 The plaintiff's claim is that his custodial status as an inmate was unfairly changed because of a disciplinary hearing on May 29, 1991, based on a positive urine test. The plaintiff claims that this was a deprivation of rights protected by the due process clause of the Fourteenth Amendment and in violation of Department of Corrections regulations. This court concurs with the legal analysis of Magistrate Judge Borchers.
 
 
 5
 (R., Vol. I, Tab 16).
 
 
 6
 We affirm the district court's Order of Dismissal substantially for the reasons set forth in the "Recommendation of United States Magistrate Judge" dated December 10, 1991, a copy of which is attached hereto. Id., Tab 12.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 
 8
 SCOTT ELLIOTT RAYMER, Plaintiff,
 
 
 9
 vs.
 
 
 10
 WALLIS GUNNELS PARMENTER, et al., Defendants.
 
 Civil Action No. 91-M-1990
 Dec. 10, 1991
 
 11
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 12
 Plaintiff Scott Elliott Raymer currently is serving a sentence at the Buena Vista Correctional Facility (BVCF). He initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his rights under the United States Constitution have been violated. He seeks declaratory and injunctive relief, as well as monetary damages. He also has filed a motion for a preliminary injunction and requested that counsel be appointed to represent him.
 
 
 13
 Pursuant to Rule 605 of the Local Rules of Practice of the United States District Court of the District of Colorado, this matter has been referred to Magistrate Judge Richard M. Borchers. On November 13, 1991, the Court issued a show cause order to allow Plaintiff the opportunity to respond and provide any legal basis upon which the claims and parties should continue in this case. See Hall v. Bellmon, 935 F.2d 1106 (10th Cir.1991). Plaintiff responded to that order on December 2, 1991. Based upon a review of the complaint, the response to the show cause order and the applicable law, a recommendation is made that the complaint be dismissed. It is further recommended that Plaintiff's motions for appointment of counsel and for a preliminary injunction be denied.
 
 
 14
 As Plaintiff is representing himself, his complaint will be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). A complaint must be dismissed if, accepting the allegations as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Scheuer v. Rhodes, 415 U.S. 232, 236 (1974); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988).
 
 
 15
 Plaintiff in this complaint alleges that on May 22, 1991, as a result of a positive urinalysis, he was transferred from the Colorado Correctional Center to the Denver Regional Diagnostic Center and placed in segregation. On May 28, 1991, Plaintiff received a Notice of Charges for alleged disciplinary infractions. He was found guilty at a disciplinary hearing on May 29, 1991 and received forty days punitive segregation, sixty days loss of privileges, and thirty days loss of good time. Plaintiff also was regressed to BVCF.
 
 
 16
 Plaintiff contends that placing him in segregation prior to the hearing violated his constitutional rights. In order to satisfy the requirements of the Due Process Clause, when Plaintiff was placed in segregation, Defendants "were obligated to engage only in an informal, nonadversary review of the information supporting (Plaintiff's) placement in segregation, including whatever statement (Plaintiff) wished to submit, within a reasonable time after confining him to administrative segregation." Hewitt v. Helms, 459 U.S. 460, 472 (1982). Plaintiff alleges that he received a disciplinary hearing on May 29, 1991, and that was within a reasonable time after his placement in segregation.
 
 
 17
 Plaintiff cites a number of Department of Corrections' (D.O.C.) regulations which he claims Defendants violated by placing him in segregation. He claims that the violations of these regulations violate his due process rights. In United States v. Ceceres, 440 U.S. 741 (1979), the Supreme Court held that governmental regulations only give rise to actionable claims when: 1) compliance with the regulation is mandated by the Constitution or federal law; 2) an individual has reasonably relied on the regulation promulgated for his benefit and has suffered substantially because of the violation of the regulation; or 3) the violation of the regulation results in a denial of equal protection. Id. at 749-53. See also Dowdy v. Johnson, 510 F.Supp. 836 (E.D.Va.1981) (prison regulations termed "guidelines"). None of the Ceceres factors are implicated here. Plaintiff's placement in segregation did not violate his due process rights.
 
 
 18
 Plaintiff further alleges that Defendants violated his due process rights at the disciplinary hearing. Prison disciplinary hearings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such a prosecution do not apply. Wolff v. McDonnell, 418 U.S. 539 (1974). The minimum due process requirements for prisoners in the context of a disciplinary hearing are: (1) written notice of the charges brought against the inmate at least twenty-four hours before the hearing; (2) the opportunity to call witnesses and present evidence at the hearing; and (3) a written statement by the fact-finder as to the evidence relied upon and the reason for any action taken. Id. at 564-566. See also Superintendent v. Hill, 472 U.S. 445 (1985); Smith v. Maschner, 899 F.2d 940 (10th Cir.1990). Plaintiff does not allege that prison officials failed to comply with any of these constitutional requirements. Rather, he is asserting rights which simply do not exist in the context of a prison disciplinary hearing. As discussed above, a violation of D.O.C. regulations does not, by itself, constitute a denial of due process. Plaintiff's due process rights were not violated at the disciplinary hearing.
 
 
 19
 Plaintiff also claims that his regression to BVCF violated his rights and that Defendants have caused him to be denied parole. An inmate has no Constitutional right to be placed in a particular correctional facility. Meachum v. Fano, 427 U.S. 215 (1976), rehearing denied by 429 U.S. 873 (1976). An inmate also has no federal constitutional right to release on parole. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979).
 
 
 20
 Even accepting as true all facts alleged in Plaintiff's complaint, he has failed to state a cause of action upon which relief may be granted. His complaint should be dismissed.
 
 
 21
 IT IS THEREFORE RECOMMENDED that Plaintiff Scott Elliott Raymer's complaint be dismissed; and
 
 
 22
 IT IS FURTHER RECOMMENDED that Plaintiff's motions for appointment of counsel and for a preliminary injunction be denied.
 
 
 23
 FURTHER, IT IS ORDERED that under Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, the parties shall have ten days after service hereof to file any written objections with the assigned District Judge. The party filing an objection must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this document may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 24
 IT IS FURTHER ORDERED that a copy of Local Rule 605 be attached to the copy of this Recommendation sent to Plaintiff.
 
 ATTACHMENT
 LOCAL RULES OF PRACTICE
 Rule 605
 Prisoner Petitions
 
 25
 A. Subject to provisions of the United States Supreme Court Rules governing § 2254 and § 2255 cases, the uniform rules of ancillary forms for use in the district courts within the Tenth Circuit have been adopted. These rules apply to pro se petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 and § 2254 and motions under Rule 35, Federal Rules of Criminal Procedure, and to civil rights complaint under 42 U.S.C. § 1983. Copies of the uniform rules and ancillary forms shall be made available upon request made to the clerk.
 
 
 26
 B. When presented for filing, pro se petitions under 28 U.S.C. § 2241, § 2254, and pro se complaint under 42 U.S.C. § 1983 shall be delivered to a magistrate who shall review the motion and affidavit to proceed in forma pauperis and rule thereon in accordance with 28 U.S.C. § 1915. If the motion is granted, the magistrate shall promptly review the file and, if there is any basis for jurisdiction and possible merit, the magistrate shall direct the clerk to make service of process.
 
 
 27
 C. If the magistrate determines that the case may be dismissed pursuant to 28 U.S.C. § 1915(d) or F.R.Civ.P. 12, the magistrate shall prepare a recommendation and appropriate order for consideration by a district judge, who shall at that time be selected as provided in Rule 200.
 
 
 28
 D. These cases shall be assigned to a district judge drawn by lot and to a designated magistrate. The assigned magistrate shall review promptly all further pleadings and may:
 
 
 29
 1. Issue such orders as may be needed to obtain a complete record.
 
 
 30
 2. Conduct such evidentiary hearings as may be necessary, including the conduct of on-site depositions and investigations.
 
 
 31
 3. Prepare appropriate findings and recommendations for consideration by the district judge, copies of which shall be mailed to the parties who shall have ten (10) days after service thereof to serve and file specific written objections thereto. If no such objections are timely filed, the magistrate's proposed findings and recommendations may be accepted by the district judge and appropriate orders entered without further notice.
 
 
 32
 4. Obtain the expected release date of inmates filing complaints under 42 U.S.C. § 1983 to determine when plaintiffs may be available for trial.
 
 
 33
 (Revisions Effective February 1, 1984)
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3