996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael CABRAL, Plaintiff-Appellant,
v.
Donice NEAL; Thomas Miller, Captain, Defendants-Appellees.
 No. 93-1016.
 United States Court of Appeals, Tenth Circuit.
 June 22, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 BARRETT, Senior District Judge.
 
 
 3
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 4
 Appellant Michael Cabral, appearing pro se, appeals from the district court's order adopting the recommendations of the magistrate judge and dismissing Cabral's 42 U.S.C. § 1983 complaint and his motion for injunctive relief.
 
 
 5
 Cabral, an inmate in the custody of the Colorado Department of Corrections (D.O.C.), filed his § 1983 complaint alleging that he had been illegally reclassified in violation of all rules and guidelines following an administrative segregation hearing and placed in administrative segregation. The magistrate judge found/concluded that Cabral's challenge to his reclassification and regressive transfer does not implicate a constitutional right because federal courts do not interfere with classification and placement decisions and Cabral has no right to be incarcerated in any particular prison. The magistrate found that Cabral's transfer from the Denver Reception and Diagnostic Center to the Centennial Correctional Facility did not, in and of itself, implicate a federal constitutional right.
 
 
 6
 On appeal, Cabral contends that (1) his transfer must fail because he was reclassified and regressed for no reason and at the whim of the D.O.C. in violation of his rights under the Fourteenth Amendment of the United States Constitution, and (2) he was denied due process and deprivation of his right to life, liberty and the pursuit of happiness by virtue of his reclassification to maximum administrative segregation. Cabral requests an evidentiary hearing.
 
 
 7
 Cabral has no right to incarceration in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Furthermore, to the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).
 
 
 8
 Cabral does not challenge the procedure employed by the D.O.C. involved in his administrative segregation hearing and he presents no factual allegations to substantiate a § 1983 claim. His complaint is entirely conclusory. Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts demonstrating that the defendants deprived him of a right secured by the Constitution and laws of the United States and that the alleged deprivation was undertaken "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory." Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988).
 
 
 9
 We affirm substantially for the reasons set forth in the Recommendation of the United States Magistrate Judge attached hereto and by reference made a part hereof.
 
 
 10
 The mandate shall issue forthwith.
 
 ATTACHMENT
 
 11
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 
 12
 MICHAEL CABRAL, Plaintiff,
 
 
 13
 v.
 
 
 14
 DONICE NEAL and CAPTAIN THOMAS MILLER, Defendants.
 
 Civil Action No. 92-B-1290
 
 15
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 16
 Plaintiff Michael Cabral currently is in the custody of the Colorado Department of Corrections (the "D.O.C.") at the Centennial Correctional Facility, Canon City, Colorado. He initiated this action by filing pro se a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his reclassification violates his Fourteenth Amendment rights under the United States Constitution. He seeks declaratory and injunctive relief, and money damages. He also has moved for a temporary restraining order or preliminary injunction, and to allow service by mail and to dispense with the requirement of security.
 
 
 17
 Pursuant to Local Rule 72.4 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter has been referred to Magistrate Judge O. Edward Schlatter. The Magistrate Judge has reviewed the complaint and the applicable law, and RECOMMENDS that the complaint be DISMISSED. A Magistrate Judge lacks authority under 28 U.S.C. § 636(b) to enter an order on the motions for injunctive relief and for service by mail. However, based upon the recommendation that the complaint be dismissed, the Magistrate Judge recommends that the motions be denied.
 
 
 18
 Mr. Cabral alleges that, based upon three prior incidents of assault either on co-inmates or prison guards within the D.O.C., he was reclassified after an administrative segregation hearing on April 28, 1992, at the Denver, Colorado, Reception and Diagnostic Center, and placed in maximum administrative segregation at Centennial Correctional Facility. He does not attack the procedure for the hearing itself.
 
 
 19
 A pro se litigant's complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). A complaint must be dismissed if, accepting the allegations as true, it appears beyond doubt that the plaintiff can prove no set of facts to support his claim or claims that would entitle him to relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). See also McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991). To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendants deprived him of a right secured by the United States Constitution while they acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).
 
 
 20
 Plaintiff's complaint concerning his reclassification and regressive transfer must fail. Mr. Cabral has no right to be incarcerated in any particular prison, and a transfer from the Denver Reception and Diagnostic Center to Centennial Correctional Facility, or any other D.O.C. facility, in and of itself, does not implicate a constitutional right of plaintiff. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). The D.O.C. may hold plaintiff in any correctional facility it chooses. Any expectation plaintiff may have in being considered for a lower custody level is too insubstantial to rise to the level of due process protection. Meachum v. Fano, 427 U.S. at 228; Kincaid v. Duckworth, 689 F.2d 702, 704 (7th Cir.1982). Additionally, federal courts do not interfere in classification and placement decisions. Such decisions are entrusted to prison administrators, not to the federal courts. Moody v. Daggett, 429 U.S. at 88 n. 9; Meachum v. Fano, 427 U.S. at 228; Wilkerson v. Maggio, 703 F.2d 909, 911 (5th Cir.1983); Kincaid v. Duckworth, 689 F.2d at 704, cert. denied, 461 U.S. 946 (1983).
 
 
 21
 It therefore is RECOMMENDED that the complaint be DISMISSED.
 
 
 22
 It further is RECOMMENDED that the motions be denied.
 
 
 23
 Further, the parties shall have ten days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed.R.Civ.P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir.1986).
 
 
 24
 DATED this 26th day of October, 1992.
 
 BY THE COURT:
 
 25
 /s/O. Edward Schlatter
 
 United States Magistrate Judge
 Certificate of Mailing:
 
 26
 I certify that I have duly mailed a copy of the foregoing Recommendation of United States Magistrate to the following:
 
 Michael Cabral
 Reg. No. 01401
 Centennial Correctional Facility
 P.O. Box 600
 Canon City, CO 81215-0600
 Office of the Attorney General
 Attn: Tim Arnold
 Tort Litigation Section
 State Services Building
 1525 Sherman Street, 5th Floor
 Denver, CO 80203
 
 
 *
 This Order and Judgment had no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3