**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS PATRICK JACKSON,

Petitioner-Appellant,

v.

GARY GIBSON, Warden,

Respondent-Appellee.

No. 00-5000

N.D. Okla.

(D.C. No. 97-CV-294-H)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

Mr. Jackson, proceeding pro se, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied his application for a certificate of appealability, see 28 U.S.C. §

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

2253(c)(2). We deny Mr. Jackson's application for a certificate of appealability and dismiss his appeal.

Mr. Jackson pleaded guilty in Tulsa County District Court to charges of first degree rape, forcible sodomy, assault and battery with a dangerous weapon, and kidnaping. These charges followed three prior felony convictions. In May 1987, he was sentenced to an aggregate of eighty years' total imprisonment. He did not pursue direct appeal.

In August 1987, Mr. Jackson sought post-conviction relief in Oklahoma state court. Mr. Jackson filed four separate petitions for post-conviction relief, each of which the state district court denied. The Oklahoma Court of Criminal Appeals affirmed the denial of the last of these petitions in November 1995. Mr. Jackson filed the instant petition for a writ of habeas corpus in the federal district court on December 30, 1996 pursuant to 28 U.S.C. § 2254 claiming ineffective assistance of counsel, failure of the trial judge to advise him of his legal rights and to develop the factual basis for the underlying crimes, and failure to receive his Miranda rights at the time of his arrest.

Because Mr. Jackson is proceeding pro se, we liberally construe his petition. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). The district court judge issued a thorough order denying the petition as procedurally barred because the Oklahoma Court of

Criminal Appeals declined to reach the merits of his claims on independent and adequate state procedural grounds. Mr. Jackson did not demonstrate a fundamental miscarriage of justice from failure to consider these claims, nor has he demonstrated sufficient cause and prejudice as a result of the alleged violations of federal law. See Coleman v. Thompson, 501 U.S. 722, 724 (1991). The district court subsequently denied Mr. Jackson's application for a certificate of appealability. We have thoroughly reviewed the record on appeal, Mr. Jackson's brief, and the district court's order. We deny Mr. Jackson's application for a certificate of appealability for substantially the same reasons set forth in the district court's order.

For the reasons discussed above, this appeal is therefore DISMISSED.

Entered for the Court,


Robert H. Henry
Circuit Judge