**Jessie W. COLLINS, Plaintiff-Appellant,**

v.

**Cecil CUNDY, Campbell County Attorney and Sheriff Hladky, Sheriff of Campbell County, Defendants-Appellees.**

**No. 79–1015.**

United States Court of Appeals,
Tenth Circuit.

Submitted July 13, 1979.

Decided Aug. 17, 1979.

Jessie W. Collins, pro se.

Jeremy D. Michaels, Atty., Gillette, Wyo., for Sheriff Hladky, filed a memorandum for defendants-appellees.

Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

Jessie W. Collins has appealed the dismissal of his civil rights action brought pursuant to 42 U.S.C. § 1983.

In his complaint, Collins stated that he was incarcerated in the Campbell County Jail in Wyoming during August of 1977. While he was there, the sheriff (Hladky) and the county attorney (Cundy) allegedly refused to mail certain legal correspondence for him. Collins claimed the sheriff laughed at him and threatened to hang him. By way of damages, Collins sought $350,000 from each defendant.

The district court directed that affidavits be filed. After affidavits, motions, and other pleadings were filed, the judge entered findings of fact, conclusions of law, and dismissed the complaint as frivolous and without merit.

■ If resolution of crucial, disputed issues of fact had been required, trial by affidavit would have been procedurally improper. *Collins v. Hladky,* 603 F.2d 824 (10th Cir.) decided this day; *Martinez v. Chavez,* 574 F.2d 1043, 1045 n.1; *Taylor v. Gibson,* 529 F.2d 709 (5th Cir. 1976). However, even if we accept all of the allegations in Collins's complaint as true, he can prove no set of facts to support his claim which would entitle him to relief.

■ The county attorney, on whom service of process was apparently not effected, is in any event immune. *Atkins v. Lanning,* 556 F.2d 485 (10th Cir. 1977); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Verbal harassment or abuse of the sort alleged in this case is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Boston v. Stanton,* 450 F.Supp. 1049 (W.D.Mo.1978); *cf., Ellingburg v. Lucas,* 518 F.2d 1196 (8th Cir. 1975).

■ As for the legal mail itself, we have read the letter in question and are not convinced that it falls within the scope of privileged mail entitled to constitutional protection under *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). Although purportedly addressed to an attorney in Sundance, Wyoming, the letter concerns Collins's trouble with past due payments on a Sears freezer and might as easily have been written to the store's credit department. There is no claim made by Collins that, other than this one instance, he was denied the opportunity to mail the letter, nor can Collins make a substantive argument that he was denied access to the courts. *See Twyman v. Crisp,* 584 F.2d 352, 359 (10th Cir. 1978).

■ Under the provisions of 28 U.S.C. § 1915(a), when a prisoner files a motion for leave to proceed in forma pauperis and the affidavit of property is facially sufficient, the complaint should be filed. *Ragan v. Cox,* 305 F.2d 58 (10th Cir. 1962), cert. denied, 375 U.S. 981, 84 S.Ct. 495, 11 L.Ed.2d 426 (1963); *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972), cert. denied sub nom. *Long v. Carlson,* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973); *Bennett v. Passic,* 545 F.2d 1260 (10th Cir. 1976). Pro se pleadings are, of course, to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ However, because of this generally accepted principle that a prisoner's in forma pauperis pleading is entitled to be *filed,* courts need an extra measure of authority in dealing with such actions, particularly where the action is brought by a prisoner seeking damages. *Jones v. Bales,* 58 F.R.D. 453, 464 (N.D.Ga.1972), aff'd mem., 480 F.2d 805 (5th Cir. 1973). *See also Daye v. Bounds,* 509 F.2d 66 (4th Cir.), cert. denied, 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975); *Diamond v. Pitchess,* 411 F.2d 565 (9th Cir. 1969). That authority is found in § 1915(d), which authorizes the court to dismiss an action upon a finding that it is frivolous or without merit. Whereas in understanding a pleading leniency is necessary to counteract the plaintiff's lack of legal expertise, the same degree of predisposition in favor of the pro se plaintiff is not called for when a determination is made

under § 1915(d). *Serna v. O'Donnell*, 70 F.R.D. 618, 621 (W.D.Mo.1976).

Simply because one is indigent, there is no constitutional right to the expenditure of public funds and the valuable time of federal courts to prosecute an action which is totally without merit. *See Duhart v. Carlson, supra; Van Meter v. Morgan*, 518 F.2d 366 (8th Cir.), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Daye v. Bounds, supra*. This is particularly true of actions filed by prisoners whose primary motivation for commencing legal actions is the hope of a "short sabbatical to the nearest federal courthouse." *Cruz v. Beto*, 405 U.S. 319, 327, 92 S.Ct. 1079, 1084, 31 L.Ed.2d 263 (1972) (dissenting opinion).

The trial court may consider the allegations in the complaint and in its discretion order that the action be dismissed under 28 U.S.C. § 1915. *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Issuance of process under Fed.R.Civ.P. 4(a) is not mandatory where the complaint plainly shows no deprivation of a constitutional right under 42 U.S.C. § 1983. *Smart v. Villar*, 547 F.2d at 113; *cf., Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The district court should also furnish a statement of reasons for finding the complaint to be frivolous or without merit. *Bennett v. Passic, supra; Harbolt v. Alldredge*, 464 F.2d 1243 (10th Cir.), *cert. denied*, 409 U.S. 1025, 93 S.Ct. 473, 34 L.Ed.2d 319 (1972), although findings of fact and conclusions of law are unnecessary under § 1915(d).

This action, based on the complaint alone, was subject to dismissal under the provisions of § 1915(d) because Collins can make no rational argument on the law or facts in support of his claim. *Bennett v. Passic, supra; Harbolt v. Alldredge, supra; Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

AFFIRMED.