986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Perry Du. Wayne CAUDLE, Plaintiff-Appellant,
v.
Eddie GEOUGE, E.H. Anderson, Defendants-Appellants.
 No. 92-3336.
 United States Court of Appeals, Tenth Circuit.
 Jan. 27, 1993.
 
 Before TACHA, BALDOCK and PAUL KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-Appellant Perry Du. Wayne Caudle appeals a Memorandum and Order of the United States District Court for the District Kansas granting Respondent-Appellee's motion for summary judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Upon his transfer to the United States Penitentiary, Leavenworth, Kansas ("USPL"), Mr. Caudle refused to enter the general prison population because of alleged "staff prejudice" at that institution. USPL officials investigated Caudle's circumstances and, after finding no reason why he should not enter the general population, ordered him to enter the population. When Caudle again refused, the prison issued an incident report charging him with Refusing Programs. During an investigation of the incident, Caudle told the investigating officer that he had been tricked into accepting the transfer to Leavenworth and believed that he belonged in a lower security prison. The Unit Discipline Committee considered the incident report along with Caudle's written statement and referred the matter to the Discipline Hearing Officer who, after a hearing, found Caudle guilty of Refusing Programs and imposed penalties of fifteen days disciplinary segregation and forfeiture of forty-five days statutory good time. Throughout the remainder of his stay at USPL, Caudle continued to refuse placement in the general population upon release from administrative segregation and, after investigation and review, received separate sanctions for each incident.
 
 
 4
 Caudle filed a Bivens-type civil rights claim against certain USPL officials for conduct allegedly violative of his Fifth and Eighth Amendment rights. Caudle alleged that the USPL officials denied him due process and subjected him to cruel and unusual punishment and double jeopardy (1) by issuing separate sanctions for Refusal of Programs rather than treating it as a continuing offense, (2) because of allegedly defective disciplinary procedures, and (3) by allegedly threatening his life and issuing fraudulent and retaliatory incident reports. The district court exhaustively examined these issues and, after determining that the USPL officials properly counted each incident separately and afforded Caudle adequate disciplinary procedures, granted the defendant's motion for summary judgment. The district court did not address Caudle's claim that one USPL official, Mr. Anderson, threatened his life and issued a fraudulent incident report.
 
 
 5
 We review a trial court's grant of summary judgment de novo, applying the same standards used by the district court. Osgood v. State Farm Mutual. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the summary judgment." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). As to those issues for which it carries the burden of proof, the nonmoving party must plead specific facts demonstrating a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 6
 We agree that the defendants were entitled to summary judgment. The prison officials clearly were permitted to issue separate incident reports and impose separate sanctions rather than treat Caudle's conduct as a continuing offense. While Caudle obviously hoped that his conduct would be treated as a continuing offense so that his penalties would be less, the prison officials acted within their discretion to consider each incident separately. See, e.g., 28 C.F.R. § 541.13 table 5 (listing sanctions for repetition of prohibited acts within same category). In addition, the record contains considerable evidence that the prison's disciplinary procedures complied with the standards set forth in Superintendent v. Hill, 472 U.S. 445 (1985) (requiring twenty-four hour notice, opportunity to be heard and present witnesses where institutional safety permits, and written statement of reasons supporting decision).
 
 
 7
 As to Caudle's claim that Mr. Anderson threatened his life and issued fraudulent incident reports, we note that the district court appears not to have addressed directly these claims in its Memorandum and Order. We nevertheless find that summary judgment was proper. First, threats of violence, even if supported by the record, do not state a claim of constitutional magnitude. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). Second, Caudle complains that, on August 23, 1989, Anderson issued an incident report containing the fictitious allegation that a dissatisfied Caudle stated to him, "I'll get you for this you slimy bastard. I'll see you dead before you retire." The record reveals, however, that after a September 7, 1989, disciplinary hearing replete with staff representation, written statements, and witnesses, the Disciplinary Hearings Officer found Caudle guilty of the charged conduct. We find evidence in the record to support that outcome. Hill, 472 U.S. at 454-55.
 
 
 8
 Petition for leave to proceed in forma pauperis is GRANTED. Certificate of Probable Cause is ISSUED. The order of the district court granting defendants' motion for summary judgment is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3