989 F.2d 491
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Calvin P. BLOXOM, Plaintiff-Appellant,
v.
William S. LAWHON, Warden; Maggie Watkins, Associate
Warden; Carolyn Payne, Records Officer; R. C. Methena,
Lieutenant, Security; T. Ratliff, Sergeant, Security,
Shake-down Crew; J. Shelton, Corporal, Security, Shakedown
Crew; Corporal Underwood, Security, Shake-down Crew,
Defendants-Appellees,
and J. Reynolds, Counselor, Coordinator IAC; J. Armentrout,
Associate Warden, Operations; C. S. Delaney, Major,
Security; S. Muncy, Human Rights Advocate; Captain Asal,
Security; Lieutenant Ferguson, Security; Counselor
Mullins; B. S. McKenzie, Counselor, Coordinator; Counselor
Evans, Defendants.
 No. 92-6636.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 29, 1993
Decided: March 26, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Magistrate Judge. (CA-91-497-R)
 Calvin P. Bloxom, Appellant Pro Se.
 William Rundahl Coleman, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Calvin P. Bloxom appeals from the district court's orders (1) granting partial summary judgment dismissing several of the named Defendants and (2) granting judgment on partial findings pursuant to Fed. R. Civ. P. 52(c) in favor of the remaining Defendants. Because the district court did not err, we affirm.
 
 
 2
 Bloxom brought suit against several Keen Mountain Correctional Center officials, alleging they conspired to deprive him of his civil rights and remove him from the institution's Inmate Advisory Committee ("IAC") in retaliation for his vocal and effective membership on the IAC. The events giving rise to Bloxom's removal from the IAC began when his cell was "shaken down" and a contraband tatoo gun was discovered. Bloxom and his cellmate were placed in prehearing detention when neither would confess ownership of the contraband. Three days later the two were released when the Institutional Classification Committee ("ICC") found that they posed no security threat to the prison. Bloxom was placed in another cell in a different part of the prison, as his cell had been re-assigned. As a result of his new cell location, Bloxom had to relinquish his position on the IAC, as his new section already had a representative to the committee.
 
 
 3
 The district court granted partial summary judgment dismissing several of the named Defendants before trial. First, the district court dismissed four of the Defendants whom Bloxom had failed to allege committed any act in furtherance of the alleged conspiracy. Because there was no allegation of their involvement in the conspiracy, the district court was correct to dismiss them from the action. Second, the district court released members of the ICC from the action. The district court reasoned that, because the ICC released Bloxom from detention, it would be untenable to assert that the committee members had acted to deprive Bloxom of his rights. Bloxom's own pleadings asserted that the ICC released him from detention at its first opportunity, and Bloxom failed to assert any facts that would militate against the district court's decision. The district court properly found that the ICC members should be dismissed from the action. Finally, the district court released two prison guards from the suit. As the district court properly reasoned, the two guards were merely alleged to have, at most, verbally abused Bloxom. This is insufficient to state a § 1983 claim. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979). Further, it is uncontested that the guards' actions occurred well after Bloxom was removed from the IAC and thus had no effect on Bloxom's IAC status.
 
 
 4
 Bloxom contends on appeal that he was not given the chance to present evidence fully at trial. However, a review of the trial reveals that the district court gave Bloxom several opportunities to present any supplemental evidence he desired. Further, immediately before declaring Bloxom's presentation rested, the district court again inquired of Bloxom whether he had anything to add. Bloxom replied that he did not. Thus, there was no error in the court's admission of evidence.
 
 
 5
 Bloxom next contends that the district court overlooked evidence that weighed in his favor. Bloxom's contention is meritless. By the nature of the Defendants' motion for judgment at the close of Bloxom's evidence, it is clear that the only evidence before the court was Bloxom's. The court ruled on the motion based on Bloxom's evidence and found in favor of the Defense. Read broadly, Bloxom's contention may be that the court's factual findings were incorrect. However, this Court only reviews factual findings for clear error. Fed. R. Civ. P. 52. Bloxom's own witnesses, also former IAC members, testified that they believed the Defendants did not retaliate against them. The only evidence before the court tending to support Bloxom's claim was Bloxom's own allegation, which Bloxom admitted was based on his own speculation. The district court's factual finding that no evidence supported his claim was not erroneous. Further, the district court's grant of judgment on partial findings was mandated by the factual finding.
 
 
 6
 Finally, Bloxom challenges the district court's refusal to hear evidence on his access-to-courts claim. The record reveals that this claim was raised for the first time at trial. Further, Bloxom's own contention is that the officials responsible for this claim were those at Greensville Correctional Center, not the Defendants, who were sued for their actions at Keen Mountain. Thus, the district court did not err in refusing to hear Bloxom's claim. The district court properly pointed out that such allegations stated a claim that could be brought in a separate § 1983 action.
 
 
 7
 The district court did not err in its management of the trial. Nor did the district court err in granting summary judgment dismissing several of the Defendants from the action prior to trial. Finally, the district court was correct in granting judgment on partial findings for the remaining Defendants. Therefore, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED