991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy D. BUFORD, Plaintiff-Appellent,
v.
Charles LECK, Defendant-Appellee.
 No. 92-6405.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Buford, a federal inmate and pro se litigator, appeals a decision dismissing his complaint as frivolous. We grant permission to proceed in forma pauperis and affirm.
 
 
 3
 Mr. Buford brought this action for violation of his federal constitutional rights pursuant to 28 U.S.C. § 1331. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Mr. Buford alleged a correctional officer made demeaning racial comments. Specifically, the corrections officer allegedly said: "Buford, how long have you been black? And has it been all of your life that you've known it or part of it?" Mr. Buford asked $80,000 in damages.
 
 
 4
 The district court, reasoning that the use of vile language, no matter how abhorrent or reprehensible, does not constitute a constitutional deprivation, dismissed the complaint as frivolous.
 
 
 5
 Mr. Buford appeals this decision asserting he was denied due process by the district court's dismissal.
 
 
 6
 We note that we do not condone the racially derogatory remarks allegedly made by the respondent. Nevertheless, to have his case heard in federal court, Mr. Buford must allege a violation of a constitutionally protected right. Because Mr. Buford's suit is a Bivens action against a federal official, the law under § 1983 is not directly applicable. "Nevertheless section 1983 suits and Bivens actions are conceptually identical, and federal courts frequently look to section 1983 to fill gaps left by Bivens. " Grandbouche v. Clancy, 825 F.2d 1463, 1465 (10th Cir.1987). Under 42 U.S.C. § 1983, this court has held that words alone, no matter how reprehensible, are not sufficient to state a constitutional deprivation. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979).
 
 
 7
 Mr. Buford responds on appeal by asserting that medical "harm resulted both physically and mentally from the racial and bigoted statements inflicted" and the racial statements "caused physical injury indirectly."
 
 
 8
 The fact that Mr. Buford may have been physically and mentally wounded by defendant's remarks does not elevate defendant's speech to the status of a deprivation of Mr. Buford's constitutional rights. A vile, reprehensible, and detestable racial slur made on one isolated occasion does not violate an individual's constitutional rights entitling him to monetary relief.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3