16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ewert DAVIS, Plaintiff-Appellant,
v.
David R. McKUNE, Roger Bonner, Walter Eddy, (NFN)(NMI)
Randolph, Captain, Defendants-Appellees.
 No. 93-3270.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 13, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Davis, a state inmate and pro se litigant, appeals the dismissal of his 42 U.S.1983 complaint against prison officials. We grant permission for Mr. Davis to proceed in forma pauperis, exercise jurisdiction, and reverse.
 
 
 3
 Mr. Davis' complaint alleged: (1) his "official mail' was seized and illegally censored"; (2) "a violation of his 1st Amendment right against retaliation for seeking governmental redress"; and (3) "he was unlawfully placed in administrative segregation." In support, Mr. Davis contends he wrote a letter to the Governor about his "cell being trashed and racial discrimination," and the letter was illegally read by one of the defendants. Mr. Davis further states the defendants then placed him in administrative segregation in retaliation for writing the letter.
 
 
 4
 The defendants answered and the trial court ordered a Martinez[2] report. The gist of the Martinez report rejected allegations of illegal or wrongful interception of Mr. Davis' mail and pointed to threatening language in the letter justifying administrative segregation.
 
 
 5
 The district court reviewed the Martinez report and accepted the facts therein as true. The trial court then concluded there was no arguable basis in fact or in law for imposing liability upon defendants and dismissed the complaint.
 
 
 6
 The record discloses the trial court resolved contested issues of fact by utilizing the Martinez report as a motion for summary judgment without providing Mr. Davis notice and an opportunity to respond.
 
 
 7
 The law we must apply is clear. The decision of the trial court must be reversed as it decided contested factual matters utilizing the Martinez report. Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir.1992); see Hall v. Belmon, 935 F.2d 1106 (10th Cir.1991); Collins v. Cundy, 603 F.2d 825 (10th Cir.1979).
 
 
 8
 A Martinez report may be utilized as the basis for a summary judgment. Hall, 935 F.2d at 1110-11. Under these circumstances, the Rules of Civil Procedure regarding summary judgment apply. The purpose of a Martinez report is simply to give the trial court sufficient information for the orderly consideration of issues. A Martinez report should not be utilized for testing the sufficiency of a complaint. When a trial court considers matters outside the pleadings, the authority to grant summary judgment is predicated on the notice and opportunity to respond to provisions of Fed.R.Civ.P. 56. Northington, 973 F.2d at 1521.
 
 
 9
 We sympathize with the trial court. If one looks solely at the Martinez report, the trial court was correct in its conclusions. Pro se litigation now comprises over twenty-five per cent of all litigation in the federal courts. Pro se complaints by disgruntled prisoners are as the night's constellations. This situation does not justify, however, a departure from the applicable rules. The sufficiency of a complaint is found upon its face. The existence of disputed factual issues may be found only after notice and an opportunity to respond.
 
 
 10
 Pro se litigants place a special burden upon courts. Courts are obligated to read their pleadings liberally but also dispassionately. When one party effectively withdraws as an adversary, the court is deprived of complete knowledge. The adversarial process is predicated upon the assumption that each litigant will show to the court those facts he believes relevant and will quote to the court that law he believes applicable.
 
 
 11
 In the case before us, prison officials filed what can be described as boilerplate responses in the trial court. Prison officials filed no specific motion designed to bring the correct law and facts to the proper attention of the trial court. Likewise, prison officials affirmatively elected to file no response in this court. Both the trial court and this court were thus effectively denied the benefits of the adversary system. The trial court, in a commendable effort to save the state time and money in defending, acted sua sponte.
 
 
 12
 This court well understands the time and expense of defending what may ultimately prove to be meritless and, indeed, even frivolous litigation. We simply observe counsel could provide a great service, both to the client and to the court, by actively and specifically responding to the pro se litigant and by producing not only the facts but the correct law as well. Anything less weakens the adversary system and the ability of courts to parse justice without the luxury of unlimited resources to research law on behalf of the litigants.
 
 
 13
 The judgment of the district court is REVERSED, and this case is REMANDED to the district court with instructions to provide Mr. Davis with notice and an opportunity to respond pursuant to Rule 56 and for such other further proceedings as may be appropriate.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ---
 
 
 [2]
 Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978)