**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DOUGLAS G. STRUBLE,

    Plaintiff-Appellant,

v.

DEPUTY HAYNES, Sedgwick County
Sheriff Department,

    Defendant-Appellee.

No. 99-3280

(D.C. No. 99-3244-GTV)
(D.Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Douglas G. Struble, appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim for relief, 28 U.S.C.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 1915(e)(2)(B)(ii). We affirm.

Struble filed his action on July 19, 1999, alleging Deputy Haynes of the Sedgwick County Sheriff's Department, made threatening remarks to Struble while they were in the gymnasium of the Sedgwick County detention facility. Struble sought the institution of criminal charges against Deputy Haynes. On appeal, Struble alleges he asked the Sheriff's Department to investigate, but it failed to act. He asserts Deputy Haynes violated the state statutes for criminal threats, terroristic threats, and prejudicial hate crimes and that such actions were constitutional violations.

Harsh, even threatening language does not amount to a constitutional violation. See Adkins v. Rodriguez, 59 F.3d 1034, 1037-38 (10th Cir. 1995); see also Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (finding verbal harassment or abuse is insufficient to state a constitutional violation under § 1983). The district court did not err in dismissing Struble's action for failure to state a claim.

If this court affirms a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court's dismissal then counts as a single strike. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999). The district court previously dismissed two actions brought by Struble for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). See Struble v. Miller, No.

2

97-CV-3339 (D.Kan. Nov. 6, 1998) (no appeal to this court); Struble v. Miller, No. 97-CV-3338 (D.Kan. Oct. 29, 1997) (this court's appeal No. 97-3347 dismissed on appellant's motion to dismiss). Struble is restricted from future filings under 28 U.S.C. 1915(g), which states a prisoner shall not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court conditionally granted Struble's motion to proceed in forma pauperis on appeal but assessed costs and fees, payable in partial payments, after satisfaction of prior fee obligations. Struble is reminded that he is obligated to continue making those partial payments until the entire fee has been paid.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Per Curiam

3