**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LARRY DARNELL SIMS,

        Plaintiff-Appellant,

v.

FRANK MILLER; RANDY
HENDERSON; SUSAN JONES; LT.
BLACKMORE; LT. BARR; W. H.
JORDON; K. BAXTER; BONNIE
BARR; C/O STEPHENS; KEN
SHIFTLETT; LT. INISS; FRANK E.
RUYBALID; ARISTEDES W.
ZAVARAS; LT. BEGRIN; LT.
HAMILTON; LT. FRANK ORTIZ;
KEN TOPLISS; ANTHONY
CARROCHI; MAJOR WATSON;
MAJOR LYNN; LT. WHITTINGTON;
LT. JARAMILLO; C/O WATSON;
C/O BREWER; CAPTAIN JOHN
HYATT; GLORIA MASTERSON;
GARY NEET; SGT. HAROLD
TUTTLE; JACKIE GOMEZ, C/O; LT.
CUPP; CAPT. BUXMAN; SGT.
SHUMER; SGT. JARAMILLO; SGT.
FIGERO; LT. ERNSTER; LT.
GRIAG; SGT. MILLER; DAN
SCHLESINGER; CARL ZENON,
Director Regional One; SGT.
GARCIA and MAJOR RIED,

        Defendants-Appellees.

Nos.  00-1202 & 00-1210
(D.C. No. 97-Z-2048)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiff seeks review of the district court's order and judgment dismissing his civil rights complaint brought pursuant to 42 U.S.C. § 1983 seeking, among other remedies, in excess of $25 million (our No. 00-1202) and the order denying his subsequent motion to vacate the judgment (our No. 00-1210). He also asks this court for leave to proceed with the appeals in forma pauperis. We have jurisdiction, 28 U.S.C. § 1291, and we concur in the district court's analysis in all respects. In addition, we deny plaintiff's motions for leave to proceed informa pauperis because the appeals are frivolous.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The operative pleading in this action was plaintiff's second amended complaint, filed January 27, 1999, [1] naming forty-one defendants, all of whom are or were connected to the Colorado Department of Corrections (CDOC). Following defendants' motions for summary judgment and dismissal, the case was referred to a magistrate judge, who recommended granting summary judgment to the eleven defendants who had been served and dismissing the complaint as to the remaining unserved defendants.

In his second amended complaint, as well as in the earlier complaints and numerous motions, letters, and pleadings filed with the court over the course of two and one-half years, plaintiff alleges numerous alleged violations of his constitutional rights by named and unnamed employees at several institutions within the (CDOC). Most of his allegations are either vague and conclusory (e.g., unknown John Does made racial and sexual remarks and slurs towards him; the mailroom staff refused to mail out his legal mail; two unserved defendants placed him under a great deal of stress, duress and intimidation) or are lacking in specificity as to time, place, and particular defendant associated with the incident in question. Moreover, those factual allegations that are described with sufficient specificity do not rise to the level of constitutional violations.

---

[1]     Technically the complaint was filed March 9, 1999. However, it was lodged with the district court in January and is the document referred to by the magistrate and district court judges as the second amended complaint.

The magistrate judge fully and thoroughly considered plaintiffs claims, grouping them into general categories for purposes of analysis: threats, denial of access to courts and Fourth Amendment violations, use of excessive force, due process violations, failure to follow grievance procedures, retaliation, and conspiracy. Specifically, the magistrate judge determined that the alleged threats and verbal harassment did not rise to the level of constitutional violations. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). He further determined that plaintiff was not denied access to the courts because his letter to the Secretary of State was not legal mail and because other items the defendants allegedly refused to mail in no way hindered plaintiff's legal efforts. The magistrate judge also held that the search of plaintiff's cell did not constitute an impermissible search in violation of the Fourth Amendment. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). In addition, the alleged seizure of plaintiff's own legal papers did not state a constitutional deprivation because plaintiff nonetheless managed to continue the prosecution of this and other cases; indeed, he managed to file the second amended complaint in this case after the alleged seizure of his papers in December of 1997, therefore failing to demonstrate any injury by being frustrated or impeded in his pursuit of a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 352-54 (1996). Similarly, plaintiff's allegations of excessive force were at

-4-

best de minimus and not rising to the level of a constitutional violation. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992).

The magistrate judge further determined that plaintiff's claim of due process violations in connection with prison disciplinary proceedings did not implicate a constitutionally protected liberty interest. The magistrate judge also concluded that insofar as plaintiff contended that CDOC officials had failed to comply with the prison grievance procedures, he had failed to allege the violation of a federal constitutional right; he also rejected plaintiff's claim of retaliation for lack of specific facts showing retaliation based on the exercise of constitutional rights. Finally, the magistrate judge concluded that plaintiff had failed to allege facts sufficient to establish a claim of conspiracy under 42 U.S.C. § 1985(3).

Defendant did not file a timely objection to the magistrate judge's November 22, 1999, report and recommendation. Nonetheless, the district court reviewed the recommendation, amended complaint, parties' briefs and the applicable case law and statutes prior to dismissing the complaint and entering judgment for the defendants on December 14. R. doc. 115. On December 19, plaintiff sent a letter objecting to the dismissal, seeking an extension of time, and claiming he had not had the opportunity to object to the magistrate judge's recommendation because he had been relocated to a different institution on November 18. He further stated he was unable to gain access to the law library

immediately after the transfer.      Id. doc. 117.  Plaintiff did not allege that he had not received the magistrate judge's recommendation.  On January 14, 2000, he filed a formal motion for extension of time, claiming he had been denied access to the law library.   Id. doc. 118.  This was construed as a motion for extension of time in which to appeal and was deemed unnecessary, as the notice of appeal (also filed January 14) was timely.

On March 14, the district court construed plaintiff's November 19 letter as a request to file out-of-time objections to the magistrate judge's recommendation and denied it for plaintiff's failure to notify the court within ten days of the change in his address, as required by the court's local rules.      Id. doc. 122.  The court further suggested that any relief plaintiff wished to seek from the operation of the judgment needed to be filed pursuant to Fed. R. Civ. P. 60(b).

Plaintiff filed his Rule 60(b) motion, which the district court ultimately denied, on April 12.  However, in that motion, plaintiff alleged he timely filed a notice of change of address on November 22, 1999.  R. Doc. 124 at 3.  Accepting this latter claim as true, we have determined in the interest of justice to review the underlying action on the merits.   See Moore v. United States  , 950 F.2d 656, 659 (10th Cir. 1991).

In his brief on appeal, plaintiff makes the following arguments:

1.    The district court erred in granting summary judgment because defendants did not mention in their summary judgment motion the "general abusive behavior" by defendants, including alleged "'sexual harassment,'" in violation of a United Nations Treaty, and an alleged rape committed on plaintiff by another inmate.    See Appellant's Br. at 30.

2.    Genuine issues of material fact exist concerning the alleged rape and its subsequent cover-up (and denial of medical care after the rape).    See id. at 32.

3.    Excessive force was used against him in violation of the Eighth Amendment.    See id. at 33.

4.    The district court violated plaintiff's First and Seventh Amendment rights because he was misled into thinking there would be a trial, the action was never properly served on the defendants, the scheduling conference should have been conducted by a magistrate judge, not a bankruptcy judge,   and that certain procedural rules should have been followed.    See id. at 34-37.

Most of the brief, however, describes the proceedings as listed on the district court's docket sheet and reiterates certain factual claims listed in the amended complaint. This recitation does not constitute argument or authority in support of plaintiff's claims. To the extent he has listed numerous issues but failed to discuss them, they are waived. See Adler v. Wal-Mart Stores, Inc. . 144 F.2d 664, 679 (10th Cir. 1998) (arguments inadequately briefed in opening brief waived and bold assertions that there are genuine issues of material fact insufficient for reversal of summary judgment) (quotations omitted).

We review the district court's grant of summary judgment de novo, applying the same standards as did that court. McNight v. Kimberly Clark Corp. , 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate only when an examination of the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Insofar as the complaint was dismissed as to the unserved defendants as either frivolous or for failure to state a claim on which relief can be granted, we also review this decision de novo. See Perkins v. Kan. Dep't of Corr. , 165 F.3d 803, 806 (10th Cir. 1999).

With regard to plaintiffs first two arguments, the allegations of rape by another inmate and of supposed violations of a United Nations Treaty were first raised in plaintiff's Rule 60(b) motion, long after the district court had granted

defendants' motion for summary judgment.  In addition, the time and place of this alleged assault are not specified, nor is it connected to any specific defendant. Because these claims were not part of the claims considered by the district court and because they are vague and conclusory, we will not consider them here.

With respect to plaintiff's claimed use of excessive force in violation of the Eighth Amendment, there is no indication on the record of any use of force beyond mere pushing and shoving, which does not give rise to a federal cause of action.  See Hudson, 503 U.S. at 9-10.

Finally, plaintiff claims the district court violated certain procedural rules. He contends that according to his records, none of the defendants named in his complaint have ever been served.    See Appellant's Br. at 8.  This of course overlooks the fact that defense counsel accepted service on behalf of the eleven defendants named in the original complaint.  Insofar as he complains of the district court's special order of reference to the Chief Bankruptcy Judge for the limited purpose of conducting a telephone conference to inquire into the nature and scope of plaintiff's claims, the district court's authority for this unusual procedure is unclear; however, it is apparent from the subsequently filed report that the bankruptcy judge did nothing of substance and, more importantly, that plaintiff was in no way delayed or prejudiced by this action.  The balance of his procedural arguments are without merit.

In the second appeal, No. 00-1210, plaintiff seeks review of the denial of his motion ostensibly brought pursuant to Fed. R. Civ. P. 6(b) and 60(b). Rule 6(b) governs the time for filing documents and the circumstances under which an enlargement of time for filing may be granted. To the extent plaintiff appears to seek an enlargement of time to object to the magistrate judge's report and recommendation, the rule is inapplicable because the district court had accepted the magistrate judge's report and recommendation and dismissed the action before the motion was filed.

A Rule 60(b) motion is addressed to the sound discretion of the district court. See New England Mut. Life Ins. Co. v. Anderson, 888 F.2d 646, 652 (10th Cir. 1989). Here, the district court correctly concluded that plaintiff's post-judgment motion did not challenge either the decision of the court or the recommendation of the magistrate judge, but merely sought to either file a new § 1983 complaint or to amend the one underlying the dismissed action. Moreover, plaintiff's arguments on appeal are addressed to the dismissal of his complaint, not the district court's post-judgment ruling on the Rule 60(b) motion. Accordingly, any challenge to this ruling is deemed waived. See Adler, 144 F.3d at 679.

We have considered the balance of plaintiff's arguments in light of the record and find them to be without any legal merit. We further find that both

these appeals are frivolous and subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is advised that each of these dismissals counts as a separate prior occasion under § 1915(g). See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 781 (10th Cir. 1999). In addition, we affirmed the district court's dismissal, for failure to state a claim on which relief could be granted, of a similar civil rights action filed by plaintiff in Sims v. Hickok, No. 99-1110, 1999 WL 448824, at **2 (10th Cir. July 2, 1999), which also qualifies as a prior occasion under § 1915(g). See Jennings, 175 F.3d at 780. Accordingly, plaintiff now has had three dismissals for purposes of § 1915(g) and "may not proceed *in forma pauperis* in any future federal lawsuits, other than habeas, which do not involve imminent danger of serious physical injury." Id. at 781 (further quotation omitted). Plaintiff is reminded of his continuing obligation to make partial payments until the docketing fees are fully paid.

**APPEALS DISMISSED.**

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-11-