**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONNA COWLES-SIMS,

      Plaintiff-Appellant,

v.

LARRY FIELDS, President and Chief
Executive Officer, Therapeutic
Community; GENEVE PINNOCK,
Director of Therapeutic Community;
DOMINION CORRECTIONAL
SERVICES; JACKIE PERRYMAN;
VICKIE SHOECRAFT, Warden,
Deputy Warden; ELIZABETH
GIDDINGS-STEWART, Deputy
Warden; CINDY BILYEU, Unit
Manager; JOHN DOE, John and
Jane Doe 1-25,

      Defendants-Appellees.

No. 02-6271
(D.C. No. 01-CV-1460-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Donna Cowles-Sims appeals from the district court's order granting summary judgment to defendants on her civil rights complaint brought pursuant to 42 U.S.C. § 1983. We affirm.

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. We review a grant of summary judgment de novo, applying the same standard as the district court. We examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the non moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks omitted).

The district court characterized plaintiff's allegations as a "moving target." R. doc. 71, at 3. The record contains three different complaints, with divergent

-2-

and occasionally overlapping allegations and claims. At the outset, we must determine which claims are properly at issue in this appeal.

Plaintiff filed her initial § 1983 complaint on September 17, 2001. The district court entered an order requiring plaintiff to re-file her complaint on the official § 1983 form. Plaintiff re-filed twice, using the appropriate form: once on October 5, 2001, and again on October 23, 2001. The complaint dated October 5 apparently was not served on the defendants. The October 23 complaint, which was served, superseded plaintiff's prior complaints. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Plaintiff argues that because she is *pro se*, we should consider the allegations of all three complaints cumulatively rather than successively. The rule that prior allegations are superseded by a subsequent complaint unless specifically incorporated therein applies, however, to both counseled and *pro se* litigants. *See id.* (applying rule to pro se prisoner litigant); *see also DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ("Pro se litigants are subject to the same rules of procedure that govern other litigants."). In the October 23 complaint, plaintiff states cryptically, "Defendants listed as Ad[d]endum to CIV-01-1460-L." R. doc. 10, at 3. We view this as insufficient to incorporate any claims against other defendants stated in plaintiff's two prior, unserved complaints. We conclude that only the claims raised in plaintiff's October 23 complaint are before us.

Although only Geneva Pinnock, Jackie Perryman and Elizabeth Stewart are named as defendants in the October 23 complaint, all defendants identified in the caption of this case, except Jackie Perryman, the John Does, and the Jane Does, accepted service through counsel, evidenced by a district court docket entry dated November 14, 2001. The October 23 complaint does not state any claims against defendants Larry Fields, Dominion Correctional Services, or Cindy Bilyeu, and these defendants should have been dismissed from this action.

In her October 23 complaint, plaintiff asserted two claims. She alleged that defendants Jackie Perryman, a law library supervisor, and Geneva Pinnock, director of the Therapeutic Community program at Central Oklahoma Correctional Facility, denied her constitutional right of access to the courts by improperly removing her from the facility law library and denying her law library access, thereby "thwart[ing] an[y] and all progress on present litigation in the Court(s), both Federal and Civil." R. doc. 10, at 3. She also claimed that defendants retaliated against her for asserting her right to use the library, by threatening her and by issuing a disciplinary report.

Additionally, in the relief section of her complaint plaintiff requested "[i]nvestigation by authorities on and of substance regarding said law library and law clerks [sic] training qualifications, as they are totally lacking in qualifications." R. doc. 10, at 5. Plaintiff later clarified, however, that she was

not attempting to assert a separate claim for lack of access based on lack of competent legal assistance by the law clerks. *Id.* doc. 53, at 7.

Plaintiff's denial-of-access claim requires her to show "actual injury"; that is, that the lack of access frustrated or impeded some nonfrivolous legal claim that she was pursuing or wished to pursue. *Lewis v. Casey*, 518 U.S. 343, 348-53 (1996). Plaintiff has asserted that defendants' actions in denying her library access have prevented her from pursuing two court cases: (1) a civil action in state court involving a trust, and (2) this action against defendants. R. doc. 53, at 5-6.

The district court rejected the contention that interference with the state court civil action had impeded plaintiff's right of access to the courts. Relying on *Lewis*, 518 U.S. at 355, it concluded that plaintiff's right of access to the courts "does not encompass the litigation she is pursuing in state court," R. doc. 71, at 3. *Id.*, at 4. We agree.

In *Lewis* the Supreme Court stated that constitutional standards are satisfied if inmates are given "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Lewis*, 518 U.S. at 356. The Court explained that its prior constitutional case law

> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their

sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 355.

Accordingly, plaintiff had no constitutional right to access the library to pursue a civil action unrelated to her conviction or conditions of confinement. Plaintiff asserts, however, that her case differs from *Lewis* because her "access to the courts was maliciously obstructed by [Warden] Shoecraft's application of restrictive law library practices *only* to Appellant and which would not have been applied to her had she not filed this § 1983 action." Aplt. Opening Br. at 8. This argument is broader than the one she made in district court. There, she limited her complaint about differentially applied "restrictive law library practices" to Ms. Perryman's alleged refusal to make copies of plaintiff's legal materials. R. doc. 61, at 2. She stated that the practice "is not applied by Perryman to similarly situated inmates, creates a legal hardship and causes actual injury to Plaintiff's case." *Id.* We limit our review to the claims raised in district court.

Plaintiff's claims with respect to the refusal to make copies, which appear to assert denial of equal protection as well as retaliation, were raised only in a pleading entitled "Plaintiff's Notice of Newly Developed Evidence; Application for Emergency Temporary Restraining Order; Application for Permanent Injunction and Request for Evidentiary Hearing." *Id.,* at 1. The district court

denied that motion, however, *see id.* doc. 71, at 6, and plaintiff has not specifically challenged the denial. Accordingly, we need not consider the arguments raised in the "Notice of Newly Developed Evidence." In any event, the arguments are unsupported by evidence admissible in summary judgment proceedings. We do consider, however, plaintiff's retaliation claims to the extent otherwise properly raised in the district court.

Addressing the other form of actual injury advanced by plaintiff, interference with her right to pursue this action, the district court concluded that the alleged denial of access had not interfered with her ability to pursue this action concerning prison conditions. Having reviewed the record, we agree with the district court that plaintiff has failed to show that the alleged denial of access to the prison law library hindered her in presenting her claims in this action. Her showing on this point does not establish a genuine issue of material fact sufficient to survive summary judgment. We conclude, then, that plaintiff's denial-of-access claim does not survive summary judgment, because she failed to show that the defendants took a constitutionally impermissible action against her that resulted in actual injury.

Even conduct by the defendants that is otherwise constitutionally permissible can, however, become impermissible when motivated by retaliatory reasons. *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998); *see also*

*Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (reversing and remanding dismissal of retaliation claim based on denial of library access, though library-access claim itself was defective). In her second claim, plaintiff asserts that she was written up (issued a misconduct report) and denied access to the library in retaliation for the assertion of her right to file this prison conditions case. Aplt. Opening Br. at 8; Oct. 23, 2001 Compl., R. doc. 10, at 3 ("Issuance of report on October 11, 2001 was a reprisal due to certain staff disliking [plaintiff's] legal redress.").

The magistrate judge assigned to this case concluded that plaintiff's retaliation claim failed because she had "not demonstrated that 'but for' the alleged retaliation, a misconduct report would not have been issued." *Id.* doc. 50, at 7. Plaintiff has argued that the issuance of the misconduct report in her case was unjustified and therefore pretextual. *See id.* doc. 33, at 2. If established, a showing of pretext would be sufficient to create a material issue of fact concerning the "but for" requirement.

Plaintiff was subjected to disciplinary action (which included both the misconduct report and subsequent library restrictions) for three reasons: she walked out of her group session, was in the library past her approved time, and was observed to have another inmate's legal work. *Id.* doc. 33, exs. CC, SS. In response to defendants' motion for summary judgment, plaintiff presented

a letter from a prison official stating that she had permission to leave the group session to go to the library. *Id.*, doc. 33, ex. DD. She also argued that she had not been informed that her approved library time had been decreased until *after* the incident for which she was disciplined. *Id.* doc. 33, at 2; *see also id.* doc. 33, ex. BB.

She did not, however, present summary judgment materials to show that she did not have another inmate's legal work in her possession. In fact, plaintiff's own evidence showed that inmates had been previously warned that possession of another inmate's paperwork would be considered contraband that would result in a misconduct report. *Id.* doc. 33, ex. FF. Therefore, plaintiff fails to show that she would not have been disciplined "but for" retaliatory intent by the defendants.

Plaintiff did not appear for the hearing on her disciplinary report. *Id.*, ex. MM. By failing to appear, she waived an appeal of the disciplinary action taken against her. R. doc. 29, at 4. She asserts that she failed to appear because inmates are not permitted to move freely about the facility and no one would assist her in attending the hearing, in spite of her requests. *See* R. doc 33, attach. 1, ex. PP. This argument, however, still fails to show that "but for" retaliatory activity by the defendants, plaintiff would not have been punished as the result of the disciplinary report. Plaintiff provides no evidence that others guilty of the same infraction were not similarly punished.

We note, finally, that plaintiff's oblique reference to "[c]onstant threat[s]," R. doc. 10, at 3 (presumably of loss of library access) does not state a claim for relief under § 1983.    *See Collins v. Cundy* , 603 F.2d 825, 827 (10th Cir. 1979) (holding, in case where sheriff laughed at inmate and threatened to hang him after inmate sought to mail legal correspondence, that "[v]erbal harassment or abuse of the sort alleged in this case is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983").

The judgment of the district court is AFFIRMED.  Plaintiff's motion for leave to proceed in forma pauperis on appeal is GRANTED.  Her "Motion to Excuse Appellant's Failure to Annex Exhibit in Opening Brief" is DENIED, as the exhibits are not relevant to the issues in this case, as set forth above.

Entered for the Court

Harris L Hartz
Circuit Judge