**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-6768**

JONATHAN LEIGH HENSLEE,

                                    Plaintiff - Appellant,

          versus

LIEUTENANT LEWIS, Lieutenant of Rutherford
County Jail; MR. YOUNG, Correctional Officer
at Rutherford County Jail; TINA, Correctional
Officer at Rutherford County Jail,

                                    Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville. Graham C. Mullen, Chief
District Judge. (CA-04-152)

Submitted: September 26, 2005        Decided: November 3, 2005

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

Jonathan Leigh Henslee, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jonathan Leigh Henslee filed a 42 U.S.C. § 1983 (2000) complaint charging that employees at the Rutherford County Jail violated his constitutional rights. Specifically, Henslee claimed that he was placed in restraints for two weeks under unsanitary conditions and without a mattress or covers. He also asserted that one employee encouraged inmates to attack him. Henslee sought damages and a reduction in his sentence. The district court denied relief under 28 U.S.C. § 1915A (2000), finding that Henslee failed to state a claim. Henslee timely appealed.

Under § 1915A, the district court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . [and] identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted . . . ." This court "reviews dismissals for failure to state a claim de novo." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). A court should not dismiss a complaint for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. (internal marks and citation omitted). Moreover, when such a dismissal

involves a civil rights complaint, a court "must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Id. (internal quotation marks and citation omitted).

As the district court correctly noted, Henslee's complaint failed to allege any injury from being held in restraints for two weeks in unsanitary conditions. However, liberally construing Henslee's discovery request, Gordon v. Leake, 574 F.2d 1147, 1151 (4th Cir. 1978), he asserted that he sustained an elbow injury requiring surgery as a result of being in restraints. Accordingly, we find that dismissal of this claim under § 1915A was premature and that Henslee should have been afforded an opportunity to particularize his complaint.* Accordingly, we vacate the portion of the district court's order dismissing this claim and remand for further proceedings consistent with this opinion.

As to Henslee's claim that a jail employee incited other inmates to attack him, Henslee did not contend that any inmates in fact attacked him. Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under

---

*The district court noted that Henslee failed to provide dates for the alleged incidents and therefore it was not possible to determine whether his complaint was filed within the applicable statute of limitations. Upon remand, the district court will be able to direct Henslee to provide this information.

- 3 -

§ 1983. <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir. 1979). We therefore affirm the district court's dismissal of this portion of Henslee's complaint.

In light of the remand, we decline to address Henslee's challenge to the district court's denial of his requests for discovery and appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>