**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

APR 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINCENT A. MARRERO, | No. 09-17741 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01156-JCM-GWF |
| v. | |
| COUNTY OF CLARK; ANN RUBIN; JACKIE HALL; LISA HOWELL; KAY SHEARIN; JENNIFER JONES; SHEILA PARKS; CHERYL MEYER; MARIA SANTORO, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted April 13, 2011[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS and RAWLINSON, Circuit Judges, and CARNEY, District Judge.[***]

Marrero appeals the judgment of the district court denying him relief on his discrimination claims. We affirm.

I

The district court correctly granted summary judgment against Marrero on his § 1983 claims. Marrero's equal protection claims fail because he did not tender any evidence of disparate treatment in adoptive and foster care proceedings. As the district court noted, Clark County approved his adoption request. Foster children were placed in his care and not removed. His foster parent license was never revoked. On appeal, Marrero neither challenges these facts nor states how he has suffered an equal protection violation cognizable under § 1983.

The district court also properly granted summary judgment on Marrero's due process claims. Marrero has neither alleged nor established that he was deprived of "notice and an opportunity to be heard." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971).

Because Marrero did not tender triable issues of material fact as to whether the governmental defendants violated his constitutional or statutory rights, the

---

[***] The Honorable Cormac J. Carney, District Judge for the U.S. District Court for Central California, Santa Ana, sitting by designation.

district court properly granted summary judgment on his § 1983 claims. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II

The district court properly granted summary judgment on Marrero's claims under the Multiethnic Placement Act, which prohibits the consideration of the race of the prospective adoptive or foster parent or the race of the child in making placement decisions. 42 U.S.C. § 1996b(1). Marrero cites no record evidence establishing a triable issue of material fact as to whether the defendants delayed or denied his adoption request on account of race.

## III

The district court also properly dismissed Marrero's claims against Jones. Marrero's complaint alleged only that Jones made racist remarks. Even assuming the truth of the allegation, his § 1983 claim fails because "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (alteration in the original) (quoting *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)) (collecting cases).

His § 1981 claim fails because Marrero's complaint does not allege "intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341,

1344 (9th Cir. 1989). The only discrimination Marrero alleges regards adoptive and foster care placements, and under Nevada law Jones, as a state employee, had no authority to influence such placements. Nev. Rev. Stat. § 432B.030 (delegating responsibilities for adoptive and foster care placements to county authorities in counties, such as Clark County, with populations in excess of 100,000). Marrero's MEPA claims against Jones fail for the same reason.

## IV

For these reasons, we conclude that the district court properly entered judgment against Marrero. Given our decision, we need not–and do not–reach any other issue argued by the parties.

**AFFIRMED.**